UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 15 CR 576 |
| v. | |
| CARLEOUS CLAY | Judge Samuel Der-Yeghiayan |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE
EVIDENCE AND TESTIMONY REGARDING HISTORICAL CELL SITE
INFORMATION AND CELLULAR PHONE EVIDENCE**

On the night of September 17, 2015, Victim A arrived home at her residence in Lansing, Illinois and walked into a burglary in progress. According to Victim A, a man, later identified by FBI as CARLEOUS CLAY, came at her with a hammer. CLAY then forced her into the trunk of Victim A's car against her will. CLAY drove Victim A's car across state lines into Indiana where he used her ATM card at two ATM machines. After driving back into Illinois for a brief period, CLAY next drove Victim A to a secluded area further into Indiana where, according to Victim A, he sexually assaulted her against her will. CLAY then strangled Victim A to the point of unconsciousness, doused her in lighter fluid, and set her on fire. As Victim A burned for nearly five minutes before she was able to put out the flames, CLAY sped away in Victim A's car. Later that morning, FBI agents found Victim A's car in Holland, Michigan. CLAY—who resided only three blocks from Victim A's home in Lansing, Illinois—was arrested two days later in Holland, Michigan.

After CLAY was identified as the kidnapper, the government obtained, pursuant to a court order, historical cell-site data for CLAY's cell phone. That data,

which has been produced to the defense, generally shows that CLAY's cell phone used cell towers near Victim A's home,[1] near the ATM machines, near the site where Victim A was set on fire, and at various places on the route to Holland, Michigan, at or around the relevant times of the charged crimes. At trial, the government likely will present expert testimony on the subject of how cell towers operate, as well as the data regarding which cell towers CLAY's phone was in contact with at the relevant times of the charged crimes.

Although the government has produced the underlying cell-tower data, the government has not yet made its expert disclosures under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, including the name of the expert witness, his qualifications, opinions, and his bases and reasons for those opinions. In its Rule 16 letter to the defense, sent on November 13, 2016, the government agreed to make its expert disclosures one month prior to trial. No trial date has been scheduled in this case.

The defendant has moved to exclude certain cell phone location evidence, while acknowledging that certain types of expert testimony on that topic "may well be admissible." R. 37 at 5 & n.1. The Seventh Circuit recently held that expert testimony regarding historical cell-site evidence is admissible as long as the government "clearly indicat[es] the level of precision—or imprecision—with which that particular evidence pinpoints a person's location at a given time. *United States*

---

[1] As noted above, CLAY lived about three blocks from Victim A's home, and it's possible that the same cell tower serviced both locations.

2

*v. Hill*, No. 14-2019, 2016 WL 1085115, at *8 (7th Cir. March 21, 2016). Any testimony that the government presents on this topic will comply with the Seventh Circuit's holding in *Hill*.

At this point, however, defendant's motion is premature. It would be a waste of government resources to engage an expert to prepare final opinions and reports unless it is clear that defendant intends to go to trial. Indeed, defendant gave a video-recorded post-arrest statement in which he admitted to kidnapping Victim A and setting her on fire. If the defendant nevertheless decides to go to trial, and the Court schedules a trial date, the government will work with an expert and will make its expert disclosures under Rule 16. Therefore, the government respectfully requests that the Court enter and continue the defendant's motion to exclude until a trial date is scheduled.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:   /s/ *Angel M. Krull*
ANGEL M. KRULL
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 886-2954

Dated: April 29, 2016